UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN R. APPLE, SR., | ) | CIV. 13-5007-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RYAN CHARGING CLOUD, Law | ) | |
| Enforcement Officer at Oglala Sioux | ) | |
| Tribe, Department of Public Safety; | ) | |
| MILTON BIANAS, Law Enforcement | ) | |
| Officer at Oglala Sioux Tribe, | ) | **ORDER FOR FURTHER** |
| Department of Public Safety; DEREK | ) | **DEVELOPMENT OF THE RECORD** |
| PUCKETT, Law Enforcement Officer at | ) | |
| Oglala Sioux Tribe, Department of | ) | |
| Public Safety; KEN FRANKS, Law | ) | |
| Enforcement Officer at Oglala Sioux | ) | |
| Tribe, Department of Public Safety; | ) | |
| UNKNOWN TRIBAL/FEDERAL | ) | |
| OFFICER, Law Enforcement Officer at | ) | |
| Oglala Sioux Tribe, Department of | ) | |
| Public Safety; 4 UNKNOWN NAMES OF | ) | |
| FEDERAL/TRIBAL CORRECTIONAL | ) | |
| OFFICERS, Correctional Officers at | ) | |
| Adult Offenders Facility, Pine Ridge, | ) | |
| S.D., Oglala Sioux Tribe, | ) | |
| | ) | |
| Defendants. | ) | |

## Introduction

This matter is before the court pursuant to plaintiff Kevin R. Apple, Sr.'s

complaint under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Fed. Narcotics

Agents</u>, 403 U.S. 388 (1971).   <u>See</u> Docket No. 1.   Mr. Apple subsequently

amended his complaint on December 6, 2013.   <u>See</u> Docket No. 26.   He alleges

that various federal/tribal law enforcement and correctional officers violated his

Fourth, Fifth, Eighth, and Fourteenth Amendment rights as set forth in the United States Constitution while arresting and detaining him.   Id.   Mr. Apple seeks $7,001,616 in money damages.   Id.   The defendants filed a combination answer and a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6).   The motion was originally filed without the support of a written memorandum of law in support of the motion.   See Docket No. 33. Eleven days later, defendants filed a brief in support of the portion of their pleading that constituted a motion.   See Docket No. 37.

**A.      Defendants' Subject Matter Jurisdiction Challenge**

It is axiomatic that this court must have subject matter jurisdiction before it may entertain this action.   See Lang v. Napolitano, 596 F.3d 426, 429 (8th Cir. 2010) (district court erred because it should have dismissed plaintiff's claim where the court lacked subject matter jurisdiction without reaching the merits of those claims); Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 455 (8th Cir. 2010) (determination of subject matter jurisdiction as to the amount in controversy under 28 U.S.C. § 1332 must be addressed at the outset).

Federal courts are courts of limited jurisdiction—they may adjudicate only those cases within their articulated jurisdiction under Article III of the Constitution or a valid statute enacted pursuant to Article III.   Marbury v. Madison, 1 Cranch 137, 173–80 (1803).   A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) challenges the court's authority and competence to hear the case pending before it.   5B CHARLES A. WRIGHT &

2

ARTHUR R. MILLER, FED. PRACTICE & PROCEDURE § 1350, at 64 (3d ed. 2004) (hereinafter "WRIGHT & MILLER"); Yankton Sioux Tribe v. United States Army Corps of Engineers, 194 F. Supp. 2d 977, 983 (D.S.D. 2002).   The issue of a federal court's subject matter jurisdiction, or lack thereof, is central to the tenants of judicial federalism, the distribution of judicial power between state and federal courts.   5B WRIGHT & MILLER § 1350, at 120–33.   "[B]ecause jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with [the] denial of a summary judgment motion."   Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

"A party challenging subject matter jurisdiction under Rule 12(b)(1) must attack either the facial or factual basis for jurisdiction."   Middlebrooks v. United States, Civ. No. 13-4033-KES, 2014 WL 1123488, at *1 (D.S.D. Mar. 20, 2014) (citing Osborn, 918 F.2d at 729 n.6).   "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction."   Precision Press, Inc. v. MLP U.S.A., Inc., 620 F. Supp.2d 981, 986 (N.D. Iowa 2009) (quoting Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal quotation marks omitted)).   In a facial challenge, "the nonmoving party receives the same protections as it would if defending a motion to dismiss under Rule 12(b)(6)."   Middlebrooks, 2014 WL 1123488, at *1 (citing Osborn, 918 F.2d at 729).

3

A "factual attack challenges the factual basis for subject matter jurisdiction, and the court considers matters outside the pleadings without giving the nonmoving party the benefit of the Rule 12(b)(6) safeguards." Id. (citing Osborn, 918 F.2d at 729).   In a defendant's factual attack on the jurisdictional allegations contained in the plaintiff's complaint, the court "may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Precision Press, 620 F. Supp.2d at 986 (quoting Titus, 4 F.3d at 593 (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947))) (internal quotation marks omitted).   "The proper course is for the defendant to request an evidentiary hearing on the issue." Id. (quoting Titus, 4 F.3d at 593 (citing Osborn, 918 F.2d at 730)) (internal quotation marks omitted). The party seeking to establish the court's subject matter jurisdiction bears the burden of proving that jurisdiction in fact exists.   Middlebrooks, 2014 WL 1123488, at *1 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).   This court agrees with the analysis of the Eighth Circuit and the Mortensen court that following a factual jurisdictional challenge under Rule 12(b)(1):

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Osborn, 918 F.2d at 730 (quoting Mortensen, 549 F.2d at 891).

In this case, the defendants did not indicate whether they were facially or factually challenging the subject matter jurisdiction of Mr. Apple's complaint. Similarly, although the defendants filed one supporting affidavit and one police report with the court, neither they nor the plaintiff requested an evidentiary hearing.   If the attack is intended as a facial challenge, the court finds that Mr. Apple's complaint, on its face, alleges sufficient facts to confer subject matter jurisdiction on this court.

Mr. Apple has filed suit under 28 U.S.C. § 1331 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) alleging that tribal/federal officers took actions against him which violated his civil liberties as guaranteed by the Constitution of the United States.   These allegations, if true, establish federal question jurisdiction over Mr. Apple's complaint.

Therefore, the court interprets the defendants' Rule 12(b)(1) motion to dismiss as a factual challenge to the court's subject matter jurisdiction. Accordingly, the court must determine, at the outset, whether it has competent subject matter jurisdiction to hear Mr. Apple's complaint.   The court's examination under Rule 12(b)(1) is not constrained to only those allegations contained in the pleadings.

The court is mindful that the pleadings of *pro se* litigants, "however inartfully pleaded" are to be held "to less stringent standards than formal pleadings drafted by lawyers."   Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir.

5

1996) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972) (per curiam)). Nevertheless, the court must not assume the role of advocate for the *pro se* litigant nor "rewrite a complaint to include claims that were never presented." <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999) (cited with approval in <u>Palmer v. Clarke</u>, 408 F.3d 423, 444 n.15 (8th Cir. 2005)).

## B. Application of a Factual Rule 12(b)(1) Challenge to Mr. Apple's <u>Bivens</u> Claim

"Under <u>Bivens</u>, an individual has a cause of action *against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority*." <u>Dry v. United States</u>, 235 F.3d 1249, 1255 (10th Cir. 2000) (citations omitted); <u>see also</u> <u>Boney v. Valline</u>, 597 F. Supp. 2d 1167, 1172 (D. Nev. 2009) (In a <u>Bivens</u> claim, a plaintiff must establish (1) that a United States Constitutional right was violated and (2) that the violation was committed by a federal actor.).

In this case, it is integral to the court's determination of its subject matter jurisdiction whether the officers were tribal or federal officers under <u>Bivens</u> and whether they were acting under the color of federal or tribal law in effecting the arrest and detention of Mr. Apple.   The court's analysis of these two factual issues is significantly hamstrung due to Mr. Apple's failure to adduce any evidence, beyond threadbare assertions, in his amended complaint that the tribal officers who arrested and detained him were also simultaneously acting as federal officers.   Moreover, Mr. Apple failed to respond to the assertions contained in the defendants' Rule 12(b)(1) motion to dismiss for lack of subject

matter jurisdiction, namely that none of the tribal law enforcement or correctional officers were acting as federal officers for purposes of a <u>Bivens</u> claim. <u>See</u> Docket No. 37-2 (Jennifer Fast Horse testified, via affidavit, that all of the tribal officers referenced in Mr. Apple's complaint were employed and paid by Oglala Sioux Tribe, Department of Public Safety—not the Bureau of Indian Affairs ("BIA") or any other federal agency.).   However, beyond Ms. Fast Horse's affidavit and Officer Puckett's police report, the defendants have introduced no other evidence in their Rule 12(b)(1) motion to dismiss indicating that the tribal officers were not acting under the color of federal law.

The criteria for determining whether a tribal officer was acting under the color of federal law for purposes of civil liability in a <u>Bivens</u> claim is different than the criteria used to determine if the tribal officer is a "federal officer" for purposes of a criminal prosecution under 18 U.S.C. § 111(a)—the crime that Mr. Apple pled guilty to and was sentenced under in his underlying criminal case on this matter, <u>United States v. Apple</u>, Crim. No. 12-50110-JLV, Docket Nos. 30, 40 (D.S.D. July 3, 2013).   <u>Compare Boney v. Valline</u>, 597 F. Supp. 2d 1167, 1171–78 (D. Nev. 2009), <u>Dry v. United States</u>, 235 F.3d 1249, 1253–55 (10th Cir. 2000), <u>and Henderson v. United States</u>, Civ. No. 11-0168 MV/ACT, 2012 WL 4498871, at *4 (D.N.M. Sept. 19, 2012), <u>with</u> <u>United States v. Merrill</u>, Crim. No. 12-50126-JLV, Docket No. 76 (D.S.D. July 10, 2014), <u>and</u> <u>United States v. Danley</u>, Crim. No. 11-10029, 2011 WL 6935341, at *1–5 (D.S.D. Dec. 30, 2011).

Therefore, although Mr. Apple assaulted tribal officers who were

7

considered federal officers for purposes of criminal liability under 18 U.S.C. § 111(a), those same tribal officers may not be considered to have been acting under the color of federal law for purposes of a <u>Bivens</u> claim.   <u>See, e.g.</u>, 25 U.S.C. § 2804(f) (2012) ("While acting under authority granted by the Secretary under subsection (a) of this section, a person *who is not otherwise* a Federal employee shall be considered to be an employee of the Department of the Interior *only* for purposes of . . . sections 111 and 114 of Title 18 . . . .") (emphasis added); <u>United States v. Drapeau</u>, 644 F.3d 646, 653 (8th Cir. 2011) (noting that section 111 must be " 'broad enough to fulfill Congress's goals of protecting federal officers and facilitating the accomplishment of federal functions.' ") (quoting <u>United States v. Green</u>, 927 F.2d 1005, 1007 (7th Cir. 1991)).   The policy rationale supporting a broad interpretation of who is a federal officer under section 111 are not present in a <u>Bivens</u> claim as officer safety is not an issue in the civil litigation.   Defendants have asserted the fact that the tribal officers were employed and paid by the Oglala Sioux Tribe, Department of Public safety. However, this assertion is not dispositive of the court's determination of whether the tribal officers were acting under the color of federal law for purposes of Mr. Apple's <u>Bivens</u> claim.   <u>See</u> <u>Boney</u>, 597 F. Supp. 2d at 1173 (holding that a tribal officer may be considered a federal officer under <u>Bivens</u> where "the private actor and the federal government enjoyed a 'symbiotic   relationship' " such that the federal government has " 'so far insinuated itself into a position of interdependence with [a private entity] that it must be recognized as a joint

8

participant in the challenged activity.' ")(quoting <u>Burton v. Wilmington Parking Auth.</u>, 365 U.S. 715, 725 (1961)); <u>Dry</u>, 235 F.3d at 1254 (analyzing whether a tribal officer could be considered a federal officer under <u>Bivens</u>).

Because the court is mindful that Mr. Apple is representing himself *pro se* in this action, the court will provide him with a final opportunity to demonstrate, beyond the mere threadbare assertions in his complaint, that the tribal officers in question were also federal officers—or were at least acting under the color of federal law—while arresting and detaining him.   The following information may be pertinent to this determination:

1. whether the Oglala Sioux Tribe had contracted with the Department of the Interior (i.e., the BIA) to fund law enforcement services on the Pine Ridge Indian Reservation under the Indian Self-Determination and Education Assistance Act of 1975, Public Law 93-638;

2. if a "638" contract does exist, the extent of the BIA's control in implementing and administering the law enforcement services provided; whether any of the positions of the alleged offending tribal officers were funded through such a contract;

3. whether the federal government receives any benefit from the "638"contract;

4. whether any of the tribal officers were commissioned federal officers under 25 C.F.R. § 12.21(b);

5. whether the tribal law enforcement officers arrived on the scene of

9

Mr. Apple's arrest to enforce federal law (one of the fourteen crimes enumerated in The Major Crimes Act) or tribal law;

6. whether Mr. Apple's May 15, 2012 through May 23, 2012 detention was due to a violation of federal or tribal law; and

7. whether Mr. Apple was charged with a violation of tribal law.

To date, Mr. Apple has failed to adduce any of the above evidence or to respond in any way to defendants' motion to dismiss.   In his amended complaint, Mr. Apple merely alleged that the tribal law enforcement and correctional officers were also federal officers acting under the color of both tribal and federal law.   The court does not presume this allegation to be true since this is factual challenge to its subject matter jurisdiction.

Although the defendants did not request an evidentiary hearing on their Rule 12(b)(1) motion to dismiss, they provided little evidence indicating that this court lacks the subject matter jurisdiction necessary to hear Mr. Apple's complaint.   The evidence that was adduced by defendants is not by itself determinative.

As the party seeking to invoke this court's jurisdiction, Mr. Apple bears the burden of proving that the court's jurisdiction in fact exists—a burden which he has not yet satisfied.   Middlebrooks v. United States, Civ. No. 13-4033-KES, 2014 WL 1123488, at *1 (D.S.D. Mar. 20, 2014) (citations omitted).   Mr. Apple is hereby cautioned that failure to establish the fact that one or more officers who

10

are named as defendants herein were acting as federal officers enforcing federal law may result in dismissal of Mr. Apple's <u>Bivens</u> claims.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the plaintiff has until July 28, 2014 to submit additional pleadings or evidence affirmatively demonstrating the grounds for this court's subject matter jurisdiction, including reference to any competent evidence indicating that the tribal officers were acting under the color of federal law.   The defendants shall also have until July 28, 2014 to supplement their motion to dismiss in response to this order.   The July 28, 2014 deadline may be continued by either party upon a showing of good cause.

Dated July 14, 2014.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE